UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY L. NABONG,<br>        Petitioner,<br>   v.<br>RON BARNES, Acting Warden,<br>        Respondent. | Case No. 14-cv-05509-DMR (PR)<br><br>**ORDER ON INITIAL REVIEW** |

On December 17, 2014, Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. He has paid the $5.00 filing fee. This action has been assigned to the undersigned Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in a case, including entry of judgment. Appeal will be directly to the United States Court of Appeals for the Ninth Circuit. *See* 28 U.S.C. § 636(c)(3).

On January 7, 2015, Petitioner consented to magistrate judge jurisdiction in this matter.

Petitioner has also filed a motion entitled, "Motion for Extension of Time." Dkt. 3. In his motion, Petitioner states that the instant petition was supposed to have been filed by August 28, 2014. *Id.* at 1. He claims that he was not able to meet this deadline because he "was sent to [administrative segregation] with no access to the law library therefore hindering [his] research." *Id.* Thus, Petitioner has made a *nunc pro tunc* request for an extension of time to file the instant petition. *Id.* at 2. The Court notes that if the petition in this action was filed more than a year after

Petitioner's conviction became final, then it may be untimely based on the one-year limitation period under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and Court need not expend resources addressing the claims in the petition. However, Petitioner's "Motion for Extension of Time" is not the proper vehicle to address such a problem. Therefore, Petitioner's motion is DENIED as improper. Dkt. 3. Instead, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, the Court shall issue this Order On Initial Review, serve Respondent, and direct Respondent to either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case. If Respondent files a motion to dismiss, Respondent must address the equitable tolling[1] argument (i.e., Petitioner's aforementioned alleged lack of access to the law library) in his motion to dismiss. Petitioner may file an opposition to Respondent's motion to dismiss and include (and elaborate upon) the same arguments relating to equitable tolling that he has raised in his "Motion for Extension of Time."

Good cause appearing, the Court hereby issues the following orders:

1.  The Clerk of the Court shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, as well as the petition and all attachments thereto as well as Petitioner's "Motion for Extension of Time" (Dkts. 1, 3) upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his current address.

2.  Within **twenty-eight (28) days** of the issuance of this Order, Respondent shall

---

[1] The Supreme Court has determined that the AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

complete and file the Magistrate Judge jurisdiction consent form to indicate whether he consents or declines to proceed before the assigned Magistrate Judge. Respondent is free to withhold consent without adverse consequences. If Respondent consents to a Magistrate Judge's jurisdiction, this case will be handled by the undersigned Magistrate Judge. If Respondent declines, the case will be reassigned to a District Judge. Whether Respondent consents or declines to proceed before the assigned Magistrate Judge, the parties shall abide by the briefing schedule below.

3.  Petitioner's "Motion for Extension of Time" is DENIED as improper. Dkt. 3. Respondent shall file with this Court and serve upon Petitioner, within **twenty-eight (28) days** of the issuance of this Order, a motion to dismiss the petition as untimely, if appropriate (along with any other relevant procedural grounds), or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted. As directed above, at the time Respondent files any motion to dismiss, he shall also submit a completed Magistrate Judge consent form. If Respondent files a motion to dismiss, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4.  It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

    5.    Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

    6.    This Order terminates Docket No. 3.

**IT IS SO ORDERED.**

Dated: January 15, 2015

_____
DONNA M. RYU
United States Magistrate Judge

P:\PRO-SE\DMR\HC.14\Nabong5509.OrderREfileMTDorNotice.docx