UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY L. NABONG,<br><br>    Petitioner,<br><br>    v.<br><br>RON BARNES, Acting Warden,<br><br>    Respondent. | Case No. 14-cv-05509-HSG (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 15 |

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Petitioner has filed an opposition. Respondent did not file a reply, and the time in which to do so has passed.

**BACKGROUND**

In 2011, a San Mateo County jury found petitioner guilty of murder and robbery. Motion to Dismiss ("MTD") Ex. A. He was sentenced to 50 years to life in state prison. *Id.* On June 10, 2013, the California Court of Appeal modified the judgment to stay the sentence on the robbery count but otherwise affirmed. *Id.* On August 28, 2013, the California Supreme Court denied petitioner's petition for review. MTD Exs. B, C. Petitioner did not file any state habeas petitions before filing this action. The instant federal petition has no signature date but was stamped "filed" at the Court on December 17, 2014.

**DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was

recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

Here, the judgment became final and the limitations period began on November 26, 2013, ninety days after the California Supreme Court denied review. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires). The presumptive deadline for petitioner to file his federal petition was November 25, 2014. He missed that deadline by twenty-two days, so unless he qualifies for tolling, the petition is untimely.

### A.     Statutory Tolling

Petitioner does not claim he is entitled to statutory tolling. Even if petitioner had claimed such tolling, however, he would not be eligible for it. Pursuant to 28 U.S.C. § 2244, the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). An application for review remains "pending" in state court until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002).

Here, as noted, petitioner did not file any state habeas petitions before filing this action. Accordingly, the Court finds the petition is not rendered timely on the basis of statutory tolling.

### B.     Equitable Tolling

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (internal quotation marks and citation omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th

Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 130 S. Ct. at 2565.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks and citation omitted). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

Petitioner argues he is entitled to equitable tolling because he was placed in Administrative Segregation ("Ad-Seg") from June 20, 2014 to October 28, 2014, during which time he had "no access to the law library." Dkt. No. 3 at 1; Dkt. No. 16 at 1. Without more, this claim is not persuasive. The Ninth Circuit has clearly stated, "Ordinary prison limitations on [petitioner's] access to the law library and copier . . . were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner. Given even the most common day-to-day security restrictions in prison, concluding otherwise would permit the exception to swallow the rule . . . ." *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). As in *Ramirez*, petitioner offers no explanation regarding how his placement in Ad-Seg or his restricted law library access made it impossible for him to file a timely federal petition. *See id.*; *see, e.g.*, *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life").

Further, petitioner has failed to show a causal connection between his alleged inability to file a timely federal petition and his restricted access to the law library or Ad-Seg placement. Petitioner states a general need for "legal materials" (dkt. no. 16 at 1), but does not indicate what

materials he needed, when and why he needed them, and how he attempted to acquire them. Indeed, petitioner's federal petition repeats the claims made in his direct appeal to the California Court of Appeal. *See* MTD Ex. A. Petitioner does not explain what other legal materials he might have needed in order to timely file a federal petition. *Cf. Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (affirming district court's determination that petitioner was not entitled to equitable tolling based on lack of access to his legal files because the record showed petitioner was aware of the factual basis for his claims without the files).

Finally, even if tolling were available for the approximately four months that petitioner was in Ad-Seg, he has not shown that he could not have filed a timely petition in the 28 days that were available to him between his October 28, 2014 release from Ad-Seg and the November 25, 2014 deadline to file a federal petition. *See Luna v. Kernan*, 784 F.3d 640, 651-52 (9th Cir. 2015) (noting that in *Spitsyn*, the Ninth Circuit imposed a requirement that a petitioner must also show diligence through the time of filing, even after the extraordinary circumstances have ended) (citing *Spitsyn*, 345 F.3d at 801-02).

Accordingly, the Court finds the petition is not rendered timely on the basis of equitable tolling.

## CONCLUSION

For the foregoing reasons:

1. Respondent's motion to dismiss the instant petition as untimely is GRANTED.

2. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

3. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 6/9/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge